## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL HODGSON,

      *Plaintiff,*

  vs.

                                      Case No. 14-1106

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Michael Hodgson seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits under Title II of the Social Security Act. Plaintiff alleges that the administrative law judge ("ALJ") erred and did not properly determine Plaintiff's residual functional capacity ("RFC"), made no specific findings about the functions of Plaintiff's past work, and failed to make the required findings as to Plaintiff's ability to perform his past work. Having reviewed the record, and as described below, the Court reverses and remands the order of the Commissioner.

### I.       Factual and Procedural Background

Michael Hodgson was born on March 8, 1954. On May 13, 2011, Hodgson applied for Disability Insurance Benefits alleging that he became disabled on June 30, 2010. Hodgson

alleged that he was unable to work due to pinched nerves in his back and spinal stenosis.  The agency denied his applications initially and on reconsideration.  Hodgson then asked for a hearing before an ALJ.

ALJ Christina Young Mein conducted an administrative hearing on October 15, 2012, during which Hodgson testified about his medical conditions.  The ALJ relied upon vocational expert testimony in determining that Hodgson was capable of performing his past relevant work as a rail car distributor.

On October 25, 2012, the ALJ issued her written decision, finding that Hodgson had not engaged in substantial gainful activity since the onset date and that Hodgson suffered from degenerative disc disease of the lumbar spine with spinal stenosis.  Despite this finding, the ALJ determined that Hodgson did not have an impairment that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  The ALJ found that Hodgson had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that he could occasionally climb, balance, stoop, kneel, crouch, and crawl. In addition, the ALJ stated that Hodgson should avoid concentrated exposure to extreme cold and excessive vibration.  The ALJ concluded that Hodgson had not been under a disability since June 30, 2010, through the date of her decision.

Given the unfavorable result, Hodgson requested reconsideration of the ALJ's decision from the Appeals Council.  The Appeals Council denied Hodgson's request on February 7, 2014. Accordingly, the ALJ's October 2012 decision became the final decision of the Commissioner.

Hodgson then filed a complaint in the United States District Court for the District of Kansas.  He seeks reversal of the ALJ's decision and remand to the Commissioner for a new

administrative hearing.  Because Hodgson has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."[1]  The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[2]  "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3]  The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is under a disability only if he can "establish that she has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5]  This impairment "must be severe enough that he is unable to perform his past relevant work, and

---

[1] 42 U.S.C. § 405(g).

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

further cannot engage in other substantial gainful work existing in the national economy, considering his age, education, and work experience."[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9]  If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists

---

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[8] *Barkley*, 2010 WL 3001753 at *2.

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753 at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753 at *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

in the national economy, respectively.[11]  The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12]  The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

## III.    Analysis

Plaintiff alleges that the ALJ erred at step four.  At step four of the sequential analysis, there are three phases.[14]

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work.  In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.  At each of these phases, the ALJ must make specific findings.[15]

Plaintiff argues that the ALJ committed error in all three of these phases.  Plaintiff asserts that the ALJ erred (1) in phase one by not making specific findings on a function-by-function basis when determining his RFC and by improperly discrediting his descriptions of his limitations; (2) in phase two by failing to make specific findings about his past work; and (3) in phase three by failing to properly compare the demands of Plaintiff's past relevant work with the limitations in his ability to perform his past relevant work.

### A.  RFC Determination

---

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id.*

[14] *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

[15] *Id.* (citations omitted).

Plaintiff argues that the ALJ erred in phase one by not performing a function-by-function analysis of his RFC.  In this case, the ALJ found that Plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally climb, balance, stoop, kneel, crouch and crawl.  He should avoid concentrated exposure to extreme cold and excessive vibration."[16]  Plaintiff asserts that the ALJ erred because she did not make specific findings regarding Plaintiff's ability to sit or stand, and Plaintiff claims that the ALJ's determination regarding Plaintiff's ability to sit is unclear.  The Commissioner argues that although the ALJ did not expressly state the extent of Plaintiff's sitting limitations, the finding of sedentary work sufficiently factored in Plaintiff's exertional limitations.

Social Security Ruling 96-8p states that "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities."[17]  A function-by-function analysis may be even more important when the ALJ determines that Plaintiff can return to his past work.[18]  At step four, "the RFC must not be expressed initially in terms of the exertional categories of 'sedentary' . . .  because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it."[19]  "Initial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case."[20]

---

[16] ALJ's Decision, Doc. 9-3, p. 17.

[17] Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *3 (Soc. Sec. Admin. July 2, 1996).

[18] *See Jesse v. Barnhart*, 323 F. Supp. 2d. 1100, 1109 (D. Kan. 2004).

[19] Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *3.

[20] *Id.*

In this case, the ALJ did not perform a function-by-function analysis and never made a specific finding regarding Plaintiff's ability to sit or stand. The ALJ simply cited 20 C.F.R. § 404.1567(a) for the sedentary work description. This regulation, however, does not discuss specifics as to the amount of time required for sitting or standing.[21]

The Court notes that SSR 96-9p does include a definition of sedentary exertion that states "[s]itting would generally total 6 hours of an 8-hour workday."[22] The Commissioner argues that due to this Social Security Ruling, the ALJ's finding regarding Plaintiff's sitting limitations is clear and does not need to be set forth more clearly. In this case, however, there appears to be a critical distinction in the amount of time Plaintiff could sit.[23] Indeed, in the same Social Security Ruling noted above, it states that "[a]n individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. . . . The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing."[24] Here, the ALJ was not specific as to this need as the ALJ did not reference Plaintiff's sitting limitations.

---

[21] 20 C.F.R. § 404.1567(a) provides that "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

[22] Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *3 (Soc. Sec. Admin. July 2, 1996). *See also Maynard v. Astrue*, 276 F. App'x 726, 730 (10th Cir. 2007).

[23] Plaintiff contends that he can only sit for fifteen minutes at a time.

[24] Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *7.

Furthermore, the Court agrees with Plaintiff's contention that the ALJ's determination regarding Plaintiff's ability to sit is unclear.   In *Jesse v. Barnhart*,[25] the District of Kansas found that an ALJ's RFC assessment was not supported by substantial evidence because the ALJ "did not list any evidence regarding plaintiff's ability to sit or stand, other than plaintiff's incredibility and the physicians' opinions."[26] This case is similar in that the only evidence the ALJ cited with regard to Plaintiff's sitting ability was a reference to Plaintiff's statement that he could only sit for fifteen minutes.[27]   Although the ALJ stated that he gave great weight to state agency opinions, those physicians' opinions did not discuss whether Plaintiff could engage in prolonged sitting.   The lack of the ALJ's specific reference to Plaintiff's sitting ability makes the ALJ's conclusion unclear.

The Commissioner and Plaintiff recently filed additional briefing discussing the Tenth Circuit's opinion of *Hendron v. Colvin*.[28]   The Commissioner contends that the ruling in *Hendron* is applicable to this case, while Plaintiff contends that the ruling is distinguishable.   The Court agrees with Plaintiff.

In *Hendron*, the Tenth Circuit found that an ALJ's RFC determination was proper despite the fact that the ALJ did not perform a function-by-function analysis.[29]   The *Hendron* case is distinguishable in that the ALJ found that the plaintiff could "perform a *full range* of sedentary

---

[25] 323 F. Supp. 2d. 1100.

[26] *Jesse*, 323 F. Supp. 2d at 1110.

[27] The Court makes no determination as to whether the ALJ's credibility assessment is accurate or not.

[28] 767 F.3d 951 (10th Cir. 2014).

[29] *Id*. at 956.

work as defined by 20 C.F.R. § 404.1567(a)."[30]   In this case, the ALJ did not make that determination but instead placed some limits on Plaintiff's RFC.  In addition, it appears that the Tenth Circuit discussed the ALJ's RFC and lack of a function-by-function analysis with regard to step five of the sequential evaluation process because the court noted that the ALJ found that the plaintiff could not perform any of her past relevant work.[31]  As previously noted, a function-by-function analysis may be even more important when the ALJ determines that Plaintiff can return to his past work.[32]   In this case, the ALJ found that Plaintiff could return to his past work. Thus, the Court is concerned with the ALJ's step four assessment. Social Security Ruling 96-8p notes that there is a distinction between the discussion of the plaintiff's RFC at step four and step five.[33]  Finally, the Tenth Circuit noted in *Hendron* that "the ALJ's failure to find explicitly that [plaintiff] was capable of sitting for six hours during a regular eight-hour work day was not critical to the outcome of this case."[34]   Here, it appears that the ALJ should have discussed Plaintiff's ability or lack of ability for prolonged sitting with regard to sedentary exertion.  Thus, the Court finds that the reasoning of *Hendron* is inapplicable to the facts of this case. Accordingly, for the reasons set forth above, the Court finds that the ALJ failed to perform a proper phase one analysis.

### B.  Past Relevant Work

---

[30] *Id.* (emphasis in original).

[31] *Id.* at 956.  A step five analysis only occurs if the ALJ determines that a plaintiff cannot return to his past relevant work.  *See, e.g., Barkley*, 2010 WL 3001753, at *2.

[32] *Jesse,* 323 F. Supp. 2d. at 1109.

[33] Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *3.

[34] *Hendron*, 767 F.3d at 957.

"At the second phase of the step four analysis, the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work."[35]  Plaintiff argues that the ALJ did not make the required findings in phase two because she failed to note the demands of Plaintiff's past work and also failed to note and rely on vocational expert testimony regarding the demands of Plaintiff's past work.  In this case, the ALJ's order simply states:

> **The claimant is capable of performing past relevant work as a rail car distributor as normally performed in the national economy (DOT#910.367-014).  This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally performed. This finding is supported by the testimony of the vocational expert at the hearing.[36]

The Commissioner argues that although the ALJ did not explicitly find that Plaintiff's past work required sedentary exertion, the DOT description describes Plaintiff's past work as sedentary and the vocational expert testified that Plaintiff's past work required sedentary exertion.  The ALJ's reference to the DOT number of the job, however, is insufficient because it does not meet the requirement of making specific findings as to the physical and mental demands of the claimant's past relevant work.  "[A]n on-the-record phase two finding is required by the [Tenth Circuit's] decision in *Winfrey*."[37]  In addition, even if the ALJ relied upon the vocational expert's testimony as to the sedentary nature of Plaintiff's past work, there is neither discussion nor reference to the vocational expert's testimony regarding the physical and mental

---

[35] *Winfrey*, 92 F.3d at 1024.

[36] ALJ's Decision, Doc. 9-3, p. 20.

[37] *Nagengast v. Astrue*, 2011 WL 3794283, at *4 (D. Kan. Aug 25, 2011) (citing *Winfrey*, 92 F.3d at 1024-25).

requirements of Plaintiff's past work.  Instead, the ALJ simply states that the finding that Plaintiff can perform his past work is supported by the vocational expert's testimony.  The finding that is required in phase two is one that sets forth the physical and mental demands of the claimant's past relevant work.[38]  As noted in another case from the District of Kansas, "what is missing in the decision is a finding mandated by SSR 82-62, and by controlling Tenth Circuit precedent."[39]

In sum, the Commissioner asks this Court to read between the lines of the ALJ's order to determine the ALJ's findings because those findings were not specifically set out in her decision.[40]  The Court will not do so.  As required by the Tenth Circuit's opinion in *Winfrey*, an ALJ must make specific findings in each phase of the step four analysis for courts to engage in meaningful judicial review.[41]  Accordingly, because the ALJ failed to set forth specific findings in phase one and phase two of the step four assessment, the Court must remand.

---

[38] There may be substantial evidence to support the ALJ's finding, but the ALJ must set forth the findings in the order to enable a review of whether the findings are indeed supported by substantial evidence.

[39] *Nagengast v. Astrue*, 2011 WL 3794283, at *4 (D. Kan. Aug 25, 2011) (finding that the ALJ erred by not setting forth specific findings at step four of the sequential evaluation process).

[40] Because the ALJ failed to adequately set forth her phase one and phase two findings, the Court finds it unnecessary to discuss Plaintiff's third error that the ALJ failed to properly compare the demands of Plaintiff's past relevant work with the Plaintiff's limitations.

[41] *Winfrey*, 92 F.3d at 1025 ("Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review.").

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **REVERSED**, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) **REMANDING** the case for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED**.

Dated this 31st day of October, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-12-